2014 UT App 116

**BMS LIMITED 1999, INC., Petitioner,**

v.

**DEPARTMENT OF WORKFORCE SERVICES and Robert Lovelock, Respondents.**

No. 20130500–CA.

Court of Appeals of Utah.

May 22, 2014.

---

Rick D. Roskelley and Dustin L. Clark, for Petitioner.

Kathleen Bounous, for Respondent Department of Workforce Services.

Senior Judge RUSSELL W. BENCH authored this Memorandum Decision, in which Judges STEPHEN L. ROTH and JOHN A. PEARCE concurred.[1]

1. The Honorable Russell W. Bench, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

2. "An independent contractor is a worker who is customarily engaged in an independently established trade, occupation, profession, or business of the same nature as the services performed, *and* the individual providing the services must be

Memorandum Decision

BENCH, Senior Judge:

¶ 1 BMS Limited 1999, Inc., doing business as RLS of Utah, (RLS) challenges the decision of the Workforce Appeals Board (the Board). RLS argues both that the Board erred in applying the residuum rule to the evidence presented and that the Board erroneously determined that Robert Lovelock (the Claimant) was RLS's employee, as opposed to an independent contractor, for purposes of the Utah Employment Security Act. We decline to set aside the Board's decision.

### I. The Residuum Rule

¶ 2 RLS first argues that the Board erred by misapplying the residuum rule to conclude that RLS relied exclusively on inadmissible hearsay in its attempt to show that the Claimant was customarily engaged in an independently established business.[2] Whether the Board erroneously applied the residuum rule is a question of law, which we review for correctness. *See Prosper, Inc. v. Department of Workforce Servs.*, 2007 UT App 281, ¶ 8, 168 P.3d 344.

¶ 3 The Board correctly recognized that hearsay evidence is admissible in administrative hearings, *see id.* ¶ 10, and that findings of fact " 'must be supported by a residuum of legal evidence competent in a court of law.' " (Quoting *Wagstaff v. Department of Emp't Sec.*, 826 P.2d 1069, 1072 (Utah Ct. App.1992).) However, the Board also quoted case law stating that " 'findings of fact cannot be based *exclusively* on hearsay evidence.' " (Quoting *Wagstaff*, 826 P.2d at 1072.) RLS argues that the Board did not consider that certain hearsay evidence—including some of the evidence that RLS presented in this case—is admissible and legally competent, therefore making it sufficient to satisfy the residuum rule.

free from the employer's control and direction while performing services for the employer." Utah Admin. Code R994–204–301(1) (emphasis added). The Board determined that RLS failed to show that the Claimant met the first requirement for independent contractor status and therefore declined to address the second requirement.

¶ 4 RLS is correct that certain hearsay evidence is admissible and therefore qualifies as evidence competent in a court of law. *See Prosper*, 2007 UT App 281, ¶ 11, 168 P.3d 344. And we have previously recognized that some statements in our case law are less than precise on this point when explaining the residuum rule. *See id.* As we have explained, any cases, including the one quoted by the Board, stating that findings of fact cannot be based exclusively on hearsay evidence, should more appropriately be understood as establishing that findings of fact cannot be based exclusively on *inadmissible* hearsay evidence. *See id.*

¶ 5 Notwithstanding the language the Board quoted, we cannot say that the Board actually applied the residuum rule too narrowly. Indeed, we are not convinced that the two pieces of evidence that RLS argues are admissible hearsay—a business license and an agency questionnaire—were even considered hearsay by the Board. The only evidence that the Board specifically identified as hearsay was the testimony of RLS's general manager regarding the Claimant's business practices. And the Board stated, "Since RLS offered *mainly* hearsay evidence in support of its assertion regarding whether the Claimant was independently established, [the administrative law judge (the ALJ) ] was substantially limited in the facts he was able to find." (Emphasis added.) Further, these "limited" facts found by the ALJ, which facts were adopted by the Board, show that factual findings were made in reliance on both the business license and the agency questionnaire. As to the business license, there is a factual finding that "[t]he Claimant obtained a business license in 2008 that expired in 2009." As to the agency questionnaire, there are multiple findings based on it, including that "[t]he Claimant kept track of his business expenses in connection with providing these services" and that "[t]he Claimant reported to the Department that he considered it was a condition of employment for him to be an independent contractor in his relationship with [RLS]." Thus, we see no indication that the Board erroneously applied the residuum rule by excluding evidence that RLS argues would have been admissible under certain exceptions to the hearsay rule.

## II. Determination of Employee Status

¶ 6 Considering the limited facts found, the Board determined that there was not "sufficient evidence to find the Claimant was customarily engaged in an independently established business," which is the first requirement for independent contractor status, *see* Utah Admin. Code R994–204–301(1). That is, even considering the factual findings based on the business license and agency questionnaire, the Board determined that RLS had not met its burden to show that the Claimant was an independent contractor. RLS argues that it did meet its burden. This issue is a mixed question of fact and law. *See Murray v. Labor Comm'n*, 2013 UT 38, ¶ 33, 308 P.3d 461 ("[A] mixed question arises when an agency or lower court must apply a legal standard to a set of facts unique to a particular case." (citation and internal quotation marks omitted)). And because the determination of whether independent contractor status was established is "fact-like" and not "law-like," we grant deference to the Board on this question. *See id.* ¶ 37 (recognizing that deference is granted where "the mixed finding is *not* law-like because it does not lend itself to consistent resolution by a uniform body of appellate precedent or *is* fact-like because the [agency] is in a superior position to decide it" (citation and internal quotation marks omitted)).

¶ 7 The Utah Administrative Code sets forth seven factors to "determine whether a worker is customarily engaged in an independently established trade or business." Utah Admin. Code R994–204–303(1)(b). These factors are set out by rule as follows:

(i) Separate Place of Business. The worker has a place of business separate from that of the employer.

(ii) Tools and Equipment. The worker has a substantial investment in the tools, equipment, or facilities customarily required to perform the services....

(iii) Other Clients. The worker regularly performs services of the same nature for other customers or clients and is not required to work exclusively for one employer.

(iv) Profit or Loss. The worker can realize a profit or risks a loss from expenses and debts incurred through an independently established business activity.

(v) Advertising. The worker advertises services in telephone directories, newspapers, magazines, the Internet, or by other methods clearly demonstrating an effort to generate business.

(vi) Licenses. The worker has obtained any required and customary business, trade, or professional licenses.

(vii) Business Records and Tax Forms. The worker maintains records or documents that validate expenses, business asset valuation or income earned so he or she may file self-employment and other business tax forms with the Internal Revenue Service and other agencies.

*Id.*

■ ¶ 8 RLS argues that the evidence establishes at least five of these factors and that "because the balance of factors tip in favor of independent-contractor status, the Board's decision should be reversed." As an initial matter, RLS is mistaken in describing the standard the Board must apply in making this determination. The rule itself explains that the listed factors "are intended only as aids in the analysis of the facts of each case," that "[t]he degree of importance of each factor varies depending on the service and the factual context in which it is performed," and that "some factors do not apply to certain services and, therefore, should not be considered." Utah Admin. Code R994–204–303. Thus, the Board may give differing weights—or no weight at all— to various factors in determining whether a worker is customarily engaged in an independently established business.

¶ 9 Next, we disagree that the evidence RLS points to necessarily establishes all of the factors that it claims are established. For example, we are not convinced that the factor considering whether "[t]he worker has a place of business separate from that of the employer," *id.* R994–204–303(1)(b)(i), was necessarily established by evidence that the Claimant never performed services at or had an office at RLS's business offices and that the Claimant had a business license for one year with his home address on it. This is especially true where the services were delivery services, which, by definition, could not be performed at RLS's location and would have to be performed elsewhere no matter the Claimant's status. Further, there is conflicting evidence on this issue because the questionnaire states that Claimant did not have his own place of business and that he "was initially required by RLS to obtain a business license."

¶ 10 Finally, as mentioned above, the factual findings stated that some factors had been met, namely, that the Claimant had at one point obtained a business license and that the Claimant kept track of business expenses. And as to the fact that the Claimant provided his own equipment and could realize a profit or loss, the ALJ recognized that evidence on these matters weighed in favor of independent contractor status: "[C]learly there are some factors that tend to demonstrate some independence, including the Claimant using his own vehicle and incurring his own expenses in providing these services."

¶ 11 Notwithstanding these factors, the ALJ and the Board determined that RLS had not met its burden to show that the Claimant was engaged in an independently established business. The Board quoted and relied on the rules providing that "[a] worker must clearly establish his or her status as an independent contractor by taking steps that demonstrate independence indicating an informed business decision has been made," Utah Admin. Code R994–204–301(1), and that an independently established business "is created and exists apart from a relationship with a particular employer and does not depend on a relationship with any one employer for its continued existence," *id.* R994–204–303(1)(a).

¶ 12 Other relevant facts that support the Board's decision include the following: the services performed were not of the type to be performed at one location; the initial business license and the agreement to independent contractor status (which could have prompted the Claimant's tracking of business expenses) were reportedly understood by the

Claimant as conditions of employment; the Claimant reported that the only equipment he provided was his vehicle, tarps, and straps; RLS would pay a fuel surcharge when gas prices rose, somewhat limiting the Claimant's risk of loss; there was no evidence that the Claimant serviced or attempted to obtain other customers; and many of the specifics of the Claimant's business activities remain unknown. Considering the rules, the particular facts of this case,[3] and the deference granted to the Board on this question, we cannot say that the Board's weighing of the factors and ultimate decision should be set aside.

¶ 13 We therefore decline to disturb the Board's decision.

**3.** "Special scrutiny of the facts is required to assure that the form of a service relationship does not obscure its substance...." Utah Admin. Code R994–204–303.